IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIQUI-BOX CORPORATION and LIQUI-BOX, INC., <br><br> Plaintiff, <br><br> v. <br><br> SCHOLLE CORPORATION, <br><br> Defendant. | Civil Action No. 12-464 (GMS) |

### MEMORANDUM

**I.  INTRODUCTION**

On April 13, 2012, the plaintiff, Liqui-Box Corporation, filed this action against the defendant, Scholle Corporation ("Scholle"). (D.I. 1.) Liqui-Box Corporation and later-added plaintiff Liqui-Box Inc. (together, "Liqui-Box") seek a declaration of invalidity and noninfringement with respect to two patents owned by Scholle, U.S. Patent Nos. 6,607,097 (the "'097 patent") and 6,851,579 (the "'579 patent"). (D.I. 9 at ¶ 1.)

Presently before the court is Scholle's Renewed Motion to Dismiss or, Alternatively, Motion to Transfer Venue. (D.I. 10.) In arguing for dismissal, Scholle contends that it lacks sufficient contacts with Delaware for the court to exercise personal jurisdiction. (*Id.* at 1.) Scholle alternatively requests that the court transfer this action to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a), as an infringement action involving the two patents-in-suit is currently pending between the parties in that district. (*Id.*) For the reasons that follow, the court will grant Scholle's motion and dismiss this action for lack of personal jurisdiction.

**II.  BACKGROUND**

Liqui-Box Corporation is an Ohio corporation with its principal place of business in Worthington, Ohio. (D.I. 9 at ¶ 2.) Liqui-Box Inc. is incorporated in Delaware and has its principal place of business in Houston, Texas. (*Id.* at ¶ 3.) Scholle is a Nevada corporation with headquarters in Irvine, California. (*Id.* at ¶ 4.) Scholle is a holding company that functions through operating entities, including Scholle Packaging, which accounts for a substantial portion of Scholle's business. (D.I. 16 at ¶ 8.) Scholle Packaging is also a Nevada corporation with the majority of its operations and its principal place of business in Illinois. (*Id.* at ¶¶ 5, 9.) Scholle Packaging and Scholle share a corporate headquarters in Irvine, California. (*Id.* at ¶ 7.)

This declaratory judgment action was prompted by the receipt of a letter sent from Scholle's counsel to Liqui-Box in Ohio. (D.I. 11 at 3.) The letter informed Liqui-Box of the patents-in-suit and noted the Liqui-Box products that allegedly infringe those patents. (D.I. 9 at ¶ 12.) Liqui-Box did not respond but instead filed the instant action. (D.I. 11 at 3.) Later that same day, Scholle filed a lawsuit against Liqui-Box in the Northern District of Illinois alleging infringement of the patents-in-suit. (*Id.*)

### III. STANDARD OF REVIEW

A. Motion to Dismiss for Lack of Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) directs the court to dismiss a case when it lacks personal jurisdiction over a defendant. Determining the existence of personal jurisdiction requires a two-part analysis. First, the court applies the long-arm statute of the state in which it is located. *See Intel Corp. v. Broadcom Corp.*, 167 F. Supp. 2d 692, 700 (D. Del. 2001). Next, the court must determine whether exercising jurisdiction over the defendant in this state comports with the Due Process Clause of the Fourteenth Amendment. *See id.* These constitutional requirements are satisfied when the court finds the existence of "minimum

contacts" between the non-resident defendant and the forum state, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

In resolving the jurisdictional question, the court must accept as true the allegations in the complaint. *Altech Indus., Inc. v. Al Tech Specialty Steel Corp.*, 542 F. Supp. 53, 55 (D. Del. 1982). The plaintiff, however, bears the burden of alleging facts sufficient to make a *prima facie* showing of personal jurisdiction over the movant. *ICT Pharms., Inc. v. Boehringer Ingelheim Pharms., Inc.*, 147 F. Supp. 2d 268, 270-71 (D. Del. 2001). To meet this burden, the plaintiff must offer facts which "establish with reasonable particularity" that jurisdiction exists. *Id.*

B.   Motion to Transfer under 28 U.S.C. § 1404(a)

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). This provision vests the court with "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir.1995).

In addressing a motion to transfer under § 1404(a), the court engages in a two-step inquiry. It first determines whether the action could have been brought initially in the proposed transferee forum and then asks whether transfer would best serve the interests of convenience and justice. *Smart Audio Techs., LLC v. Apple, Inc.*, No. 12-134-GMS, 2012 WL 5865742, at *1 (D. Del. Nov. 16, 2012). The defendant bears the burden at each step of the analysis, *Jumara*, 55 F.3d at 879–80, and, "unless the balance of convenience of the parties is strongly in favor of

3

defendant, the plaintiff's choice of forum should prevail," *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

## IV. DISCUSSION

### A. Motion to Dismiss

The first step in the court's analysis is to determine whether any of the provisions of Delaware's long-arm statute, 10 Del. C. § 3104, warrant the exercise of jurisdiction over Scholle. Scholle contends that the court has no basis to assert jurisdiction, while Liqui-Box maintains that the conduct of Scholle and its wholly-owned subsidiary, Scholle Packaging, satisfy the requirements of §§ 3104(c)(1) and (c)(4).

Under subsection (c)(1), "a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent: [t]ransacts any business or performs any character of work or service in the State." 10 Del. C. § 3104(c)(1). Subsection (c)(4) grants jurisdiction over a nonresident or agent of a nonresident who "[c]auses tortious injury in the State or outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State." § 3104(c)(4). Delaware courts construe the long-arm statute broadly to confer jurisdiction to the maximum extent possible so as to "provide residents a means of redress against those not subject to personal service within the state." *Boone v. Oy Partek Ab*, 724 A.2d 1150, 1156-57 (Del. Super. 1997). Subsection (c)(1) represents a specific jurisdiction provision, and subsection (c)(4) requires a showing of general jurisdiction. *Boston Scientific Corp. v. Wall Cardiovascular Techs., LLC*, 647 F. Supp 2d 368, 373 (D. Del. 2002) (citing *Shoemaker v. McConnell*, 556 F. Supp. 2d 351, 354–55 (D. Del. 2008); *G & G LLC v. White*, 535 F. Supp. 2d 452, 461 (D. Del. 2008)); *see also Merck & Co.,*

4

*Inc., v. Barr Labs., Inc.*, 179 F. Supp. 2d 368, 373 (D. Del. 2002) ("[t]he Delaware Supreme Court has interpreted 3104(c)(4) as a general jurisdiction provision, allowing for jurisdiction when the defendant's contacts with the forum state are unrelated to the cause of action.").

Liqui-Box's Amended Complaint and answering brief on the present motion present several theories for the exercise of jurisdiction under subsections (c)(1) and (c)(4). First, Liqui-Box suggests that Scholle Packaging is an agent of Scholle and that the court thus may attribute any jurisdiction-conferring actions of Scholle Packaging to its parent company. (D.I. 9 at ¶¶ 7–9; D.I. 12 at 5–7.) Liqui-Box also appears to argue that Scholle itself has sufficient direct contacts with Delaware to allow for personal jurisdiction. (D.I. 9 at ¶ 7.) For the reasons discussed below, neither theory persuades the court that it may exercise jurisdiction here.

i. Relevance of Scholle Packaging's conduct

Liqui-Box first argues that the court should assign Scholle Packaging's acts to Scholle for jurisdictional purposes. Delaware law provides two means by which a court may exercise jurisdiction over a parent corporation as a result of its jurisdiction over a subsidiary: the alter ego theory and the agency theory. *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1463 (D. Del. 1991). Under the alter ego theory, the party asserting jurisdiction must demonstrate fraud or inequity in the use of the corporate form sufficient for the court to "pierce the corporate veil." *Id.*; *see also Mobile Oil Corp. v. Linear Films, Inc.*, 718 F. Supp. 260, 266 (D. Del. 1989). This approach is inapplicable here, as Liqui-Box has neither claimed the existence of fraud in the corporate structure nor introduced evidence that would support such a finding.

Under the agency theory, "the court may attribute the actions of a subsidiary company to its parent where the subsidiary acts on the parent's behalf or at the parent's direction." *C.R. Bard*

5

*Inc. v. Guidant Corp.*, 997 F. Supp. 556, 559 (D. Del. 1998) (citing *Mobil Oil Corp. v. Linear Films, Inc.*, 718 F. Supp. 260, 266 (D. Del. 1989)). An examining court must focus on "the degree of control which the parent exercises over the subsidiary." *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1463 (D. Del. 1991). The factors relevant to the court's assessment include: (1) "the extent of overlap of officers and directors"; (2) "methods of financing"; (3) "the division of responsibility for day-to-day management"; and (4) "the process by which each corporation obtains its business. No one factor is necessary or determinative; rather it is the specific combination of elements which is significant." *Id.*

Liqui-Box asserts that Scholle is subject to personal jurisdiction under the agency theory because "Scholle, and its wholly-owned subsidiary Scholle Packaging, market and sell Scholle products across the world including Delaware." (D.I. 9 at ¶ 7.) Liqui-Box alleges that: (1) Scholle Packaging acts on behalf of and at Scholle's direction; (2) on Scholle's website, Scholle Packaging is called "A Member of the Scholle Corporation"; (3) the president of Scholle Packaging is also the president of another Scholle subsidiary; (4) on its website, Scholle "boasts" of its worldwide presence, claiming that: Scholle "is a world leader in bag-in-box packaging for the food, beverage and industrial markets" and that it has "manufacturing locations on 5 continents and products that are sold in over 60 countries"; (5) the website states that "[o]ne of Scholle Packaging's strongest advantages to its customers is its global footprint," and that Scholle "manufactures on 5 continents and [has] sales sites and agents serving over 60 countries"; and (6) the website also states that "[t]he Scholle Packaging brand stands for: . . . [a]vailability of packaging material and machines based on a global network of factories and with service provided by direct, professional representation." (*Id.* at ¶¶ 7–9.)

6

At this time, the court is unable to determine whether an agency relationship exists for jurisdictional purposes. There are several indications that Scholle may exercise substantial control over its subsidiary, including their shared corporate headquarters in Irvine, California and Scholle's acknowledgement that it is a "holding company and operates through its operating entities, including Scholle Packaging, which constitutes more than half of Scholle's operations." (D.I. 16 at ¶¶ 7–8.) Liqui-Box, however, has largely failed to address the specific agency factors outlined above, leaving the court to speculate as to their application here.

The court, however, need not resolve the agency question at this time. As outlined below, even were the court to determine that Scholle Packaging's conduct could be attributed to Scholle, the activity highlighted by Liqui-Box is insufficient to yield personal jurisdiction in the declaratory judgment context.

ii. The Delaware long-arm statute

Liqui-Box apparently maintains that both Scholle and Scholle Packaging have contacts with this state sufficient to allow for the exercise of personal jurisdiction over Scholle consistent with Delaware's long-arm statute. (D.I. 9 at ¶ 7.) In particular, Liqui-Box's answering brief focuses on its position that "Scholle Packaging . . . has evidenced an intent to sell products into the Delaware market, making such sales as recently as three years ago," and that "this patent infringement case arises from those products." (D.I. 18 at 3.) For its part, Scholle argues that "neither Scholle nor Scholle Packaging regularly conduct[s] business in Delaware—they have no offices, employees or property in Delaware." (D.I. 11 at 4.) The court, however, believes this focus on where the defendant markets and sells its products is misguided. Whether the court looks to both Scholle and Scholle Packaging's Delaware contacts or only to those of the former, Liqui-Box's jurisdictional position suffers from a pair of fundamental flaws. Namely, Liqui-Box

7

fails to recognize that: (1) in the declaratory judgment context, specific personal jurisdiction determinations are tied to the underlying enforcement activities that prompted the filing of the suit; and (2) the Delaware courts' "dual jurisdiction" theory is inapplicable here.

On the first point, the Federal Circuit has made clear that a declaratory judgment claim "neither directly arises out of nor relates to the making, using, offering to sell, selling, or importing of arguably infringing products in the forum, but instead arises out of or relates to the activities of the defendant patentee in enforcing the patent or patents in suit." *Avocent Huntsville Corp. v. Aten Intern. Co., Ltd.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008). Accordingly, the relevant inquiry for specific personal jurisdiction purposes is "to what extent . . . the defendant patentee purposefully directed such enforcement activities at residents of the forum, and the extent to which the declaratory judgment claim arises out of or relates to those activities." *Id.* Here, Liqui-Box concentrates its briefing on sales of Scholle products into Delaware in and before 2009. (D.I. 18 at 7–9.) Such sales, however, are not "enforcement activities" that might allow for specific jurisdiction in the declaratory judgment context. In fact, Liqui-Box makes no attempt to identify any relevant "enforcement activities" in which Scholle may have engaged, opting instead to treat this action as a patent infringement suit and focus exclusively on alleged sales of products related to the patents-in-suit.[1] (*Id.* at 3.) As such, Liqui-Box has failed to demonstrate that Scholle's own conduct allows the court to exercise jurisdiction under any of the specific jurisdiction provisions of 10 Del. C. § 3104.

---

[1] Scholle's cease-and-desist letter certainly represents an enforcement activity from which this action arises, and the letter arguably was directed in part at this forum, since Liqui-Box Inc. is a Delaware corporation. However, even had Liqui-Box attempted to raise this argument, the court would find it unconvincing.
  While Liqui-Box Inc. is incorporated in Delaware, the cease-and-desist letter was sent only to Liqui-Box Corporation, an Ohio corporation headquartered in Ohio. Only in an attenuated sense can the letter be viewed as "directed at" this state. Moreover, the Federal Circuit has made clear that "letters threatening suit for patent infringement sent to the alleged infringer *by themselves* do not suffice to create personal jurisdiction." *Avocent Huntsville Corp.*, 552 F.3d at 1333 (internal quotations omitted).

Further, the court rejects any argument by Liqui-Box that this action falls within the scope of § 3104(c)(4), a general jurisdiction provision.[2] As noted above, subsection (c)(4) allows for the exercise of personal jurisdiction where a party "[c]auses tortious injury in the State or outside of the State by an act or omission outside the State," but only when "the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State." 10 Del. C. § 3104(c)(4). "[A] finding of general jurisdiction requires that a corporation engage in sufficient activities in this State to establish a 'general presence.'" *Boone*, 724 A.2d at 1156. The court cannot find—and Liqui-Box does not seriously contend—that such extensive contacts are present here.[3] (D.I. 18 at 8.)

Rather, Liqui-Box seeks to invoke the "dual jurisdiction" theory explored in several Delaware decisions. *See, e.g., LaNuova D&B, S.p.A. v. Bowe Co., Inc.*, 513 A.2d 764, 768 n.3 (Del. 1986); *Boone*, 724 A.2d at 1157–58. Without delving too far into the intricacies of this "dual jurisdiction" approach, the court observes that it is plainly inapplicable to the present case. The theory was born from a recognition by the Delaware courts that, while the state's long-arm statute is to be "construed liberally so as to provide jurisdiction to the maximum extent possible," the constitutionally-accepted "'stream of commerce' theory [of personal jurisdiction] does not fit neatly into any section of § 3104." *Boone*, 724 A.2d at 1157. Attempting to reconcile the

---

[2] Liqui-Box's focus on alleged sales activity in Delaware does not preclude its general jurisdiction argument. Even in a declaratory judgment action, "such activities may in the aggregate justify the exercise of general jurisdiction over the patentee." *Avocent Huntsville Corp.*, 552 F.3d at 1336. Rather, as suggested below, Liqui-Box simply cannot point to the substantial contacts required for the exercise of general personal jurisdiction under both 10 Del. C. § 3104(c)(4) and the Due Process Clause.

[3] This conclusion is bolstered by the Delaware courts' reminder that even "once established, [the requisite] general presence is not everlasting;" rather, "when a defendant only has general jurisdictional contacts with a state they may withdraw from that state for jurisdictional purposes." *Boone*, 724 A.2d at 1156. Here, even if the court were to view Delaware sales by Scholle Packaging as sufficient to constitute a "general presence" for Scholle, those sales occurred in and before 2009.

9

familiar "stream of commerce" idea with the supposed breadth of the long-arm statute, Delaware courts endorsed the "dual jurisdiction" model, which allows for the exercise of jurisdiction under both §§ 3104(c)(1) and (c)(4) upon a showing that: (1) the manufacturer had an "intent or purpose ... to serve the Delaware market," (2) that intent resulted in the "the introduction of the product to this State," and (3) the plaintiff's cause of action arises from injuries caused by the product. *Id.* at 1158. It is clear, however, that this theory is inapplicable in the declaratory judgment context—Liqui-Box has not raised standard patent infringement claims, and its cause of action does not arise from injuries caused by a product that Scholle placed in the stream of commerce.

### iii. Personal jurisdiction conclusion

For the reasons explored above, Liqui-Box has failed to demonstrate that the court may exercise personal jurisdiction over Scholle pursuant to the Delaware long-arm statute. Accordingly, the court believes a full discussion of the due process branch of the jurisdictional inquiry is unnecessary here. To the extent, however, that some examination of this second prong is required by those decisions indicating that courts should construe § 3104 liberally so as to "confer[] jurisdiction to the maximum extent of the due process clause," *Jeffreys v. Exten*, 784 F. Supp. 146, 151 (D. Del. 1992), the court notes that in the declaratory judgment context, "[f]or the exercise of personal jurisdiction to comport with fair play and substantial justice, there must be 'other activities' directed at the forum and related to the cause of action besides the letters threatening an infringement suit," *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1202 (Fed. Cir. 2003). Liqui-Box has failed to identify any such "other activities" related to its

declaratory judgment cause of action, and an exercise of personal jurisdiction thus would likely suffer from constitutional problems as well.[4]

B.  Motion to Transfer

Scholle's Renewed Motion states that "[s]hould the Court . . . find that personal jurisdiction is proper, Scholle requests . . . that this action be transferred pursuant to 28 U.S.C. § 1404 to the Northern District of Illinois." (D.I. 10 at 1.) Since Scholle has raised its transfer motion only in the alternative and the court has already determined that dismissal is proper for lack of personal jurisdiction, the court need not consider the propriety of transfer under § 1404(a).

V.  **CONCLUSION**

For the reasons discussed above, the court finds that it lacks personal jurisdiction and thus will grant Scholle's Renewed Motion (D.I. 10) and dismiss this action.

Dated: June 17, 2013

CHIEF, UNITED STATES DISTRICT JUDGE

---

[4] Additionally, the court will deny Liqui-Box's request for jurisdictional discovery. (D.I. 18 at 10–12.) That request appears to be aimed at gathering further information regarding Scholle's corporate structure and relationship with subsidiaries including Scholle Packaging. (Id. at 11.) While such information might be relevant to reviving Liqui-Box's rejected agency theory argument, that approach has been undercut by the court's discussion in Section IV.A.ii. Even if the court were to attribute sales made in Delaware by Scholle Packaging to Scholle, Liqui-Box's jurisdictional argument would likely fail—the proper focus in a declaratory judgment action is "to what extent . . . the defendant patentee purposefully directed . . . enforcement activities at residents of the forum, and the extent to which the declaratory judgment claim arises out of or relates to those activities." *Avocent Huntsville Corp.*, 552 F.3d at 1332. Further discovery would be unhelpful, as Liqui-Box does not suggest that Scholle Packaging, acting as Scholle's agent, engaged in enforcement activities directed at this forum.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIQUI-BOX CORPORATION and LIQUI-BOX, INC., <br><br> Plaintiff, <br><br> v. <br><br> SCHOLLE CORPORATION, <br><br> Defendant. | Civil Action No. 12-cv-464 (GMS) |

## ORDER

At Wilmington this 17th day of June 2013, consistent with the memorandum opinion issued this same date, IT IS HEREBY ORDERED THAT:

1. The defendant's Renewed Motion to Dismiss or, Alternatively, Motion to Transfer Venue (D.I. 10) is GRANTED;

2. The plaintiffs' request for jurisdictional discovery (D.I. 18 at 10–12) is DENIED; and

3. This action is DISMISSED for lack of personal jurisdiction.

CHIEF, UNITED STATES DISTRICT JUDGE